IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Mary Ellen Bunker | * | Case No. 16-13596 |
| | * | |
| Debtor | * | Chapter 13 |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**RREF II SB-MD, LLC'S PRELIMINARY OBJECTION TO
CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

RREF II SB Acquisitions, LLC ("RREF"), by its undersigned counsel, hereby files this preliminary objection to the confirmation of Mary Ellen Bunker's (the "Debtor") Chapter 13 Plan [Dkt. No. 16] (the "Plan"), and states as follows:

**BACKGROUND**

1. On March 27, 2006, Severn Savings Bank, FSB (the "Initial Lender") extended a loan to Jeffrey Glenn Bunker ("Mr. Bunker") and the Debtor ( together, the "Borrower") evidenced by a Five Hundred and Ninety Seven Thousand Five Hundred Dollar ($597,500.00) Promissory Note, dated March 27, 2006, (the "Note"), executed and delivered by the Borrower to the order of the Initial Lender.

2. As security for the payment and performance of the Note, the Borrower executed and delivered a Money Loaned Deed of Trust dated March 27, 2006 (the "Deed of Trust", together with the Note and any other loan and security documents executed in connection therewith, the "Loan Documents"), as grantor to the trustees named therein for the benefit of the holder of the indebtedness. The Deed of Trust is recorded among the Land Records of Anne Arundel County, Maryland, at Liber 17641, folio 488.

3. The Deed of Trust encumbers two parcels of real property (together, the "Properties") owned by the Borrower as tenants by the entirety and commonly known as: (1)

Carvel Beach Road, Carvel Beach, Maryland 21226; and (2) Wishing Rock Road, Pasadena, Maryland 21122.

4. The Loan Documents were subsequently assigned and transferred to RREF who holds the Loan Documents and is the beneficiary under the Deed of Trust.

5. The Borrower defaulted under the terms and conditions of the Loan Documents by, among other things, failing to make the monthly payments due thereunder when, and as, due.

6. On or about August 13, 2015, RREF directed the commencement of a foreclosure proceeding regarding the Properties captioned *Ebert et al. v. Jeffrey Glenn Bunker, et al* in the Circuit Court for Anne Arundel County, Maryland case no. C-02-CV-15002628.

7. On March 21, 2015 (the "Petition Date"), the Debtor commenced the instant case. Gerard R. Vetter is currently serving as the acting Chapter 13 Trustee (the "Trustee").

8. On April 19, 2015, the Debtor filed, among other things, the Plan and her Statement of Monthly Income Form 122C-1 [Dkt. 15] ("Form 122C-1").

9. According to her Form 122C-1, the Debtor and Mr. Bunker's average gross income is $13,600.

10. By way of the Plan the Debtor proposes, among other things, to make: (1) payments of $8,302.00 to the Trustee prior to confirmation of the Plan (the "Pre-confirmation Payments"); and (2) payments of $13,302.00 per month after confirmation of the Plan (the "Plan Payments").

11. The Debtor indicated that $5000.00 of the Pre-confirmation Payments would be adequate protection payments to RREF (the "Adequate Protection Payments").

12. Upon information and belief the Debtor, to date, has not rendered any payments to the Trustee.

13. RREF, to date, has not received any of the Adequate Protection Payments.

## ARGUMENT

14. The Plan fails to comply with 11 U.S.C. § 1325 and confirmation should be denied.

15. As a preliminary matter, pursuant to § 1326, the Debtor is required to render payments of adequate protection to RREF not later than 30 days after filing her Plan. 11. U.S.C. § 1326. The Debtor has failed to do so, and this constitutes grounds to deny confirmation of the Plan.

16. Furthermore, before this Court can confirm the Plan, it is required by 11 U.S.C. § 1325(a)(6) to determine that the Debtor will be able to make all payments provided for in the Plan thus fulfilling the "feasibility" requirement. *See Mort Ranta v. Gorman*, 721 F.3d 241, 253 (4th Cir. 2013). Based upon a review of the Debtor's sworn Form 122c-1, the Debtor and Mr. Bunker's *gross* monthly income would be less than $300.00 after making the Plan Payments - which is simply not enough to cover the Debtor's other monthly expenses. Accordingly, the Debtor, by her own admissions, cannot possibly afford the Plan Payments and the Plan is not "feasible."

17. Finally, considering that the Debtor has yet to appear for her Section 341 Meeting of the Creditors, RREF reserves its right to make further and additional objections to the Plan.

**WHEREFORE**, RREF II SB Acquisitions, LLC respectfully requests that the Court enter an Order denying confirmation of the Debtor's Chapter 13 Plan and granting such further relief as is just and appropriate.

Date: May 24, 2016

/s/ Joshua D. Bradley
Joshua D. Bradley, ID No. 28821
Rosenberg Martin Greenberg LLP
25 South Charles Street, 21st Floor

Baltimore, Maryland  21201
Phone:  (410) 727-6671
Fax:  (410) 727-1115
E-Mail:  <u>jbradley@rosenbergmartin.com</u>

*Attorneys for RREF II SB Acquisitions, LLC*

- 4 -

- 5 -

**CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY, that on this 24th day of May, 2015, a copy of the foregoing Preliminary Objection to Confirmation of Debtor's Chapter 13 Plan, was served on the following persons, via ECF and/or first class U.S. mail, postage prepaid.

| | |
|---|---|
| US Trustee<br>6305 Ivy Ln #600<br>Greenbelt, Maryland 20770 | Gerard R. Vetter<br>Chapter 13 Trustee<br>300 E. Joppa Road, Suite 409<br>Towson, Maryland  21286 |
| Benjamin J. Beatty, Esquire<br>Jeffrey M. Sirody & Assoc., PC<br>1777 Reisterstown Rd.<br>Commerce Centre Suite 360 East<br>Baltimore, Maryland 21208<br>*Debtor's Counsel* | Mary Ellen Bunker<br>61 Church Road<br>Arnold, MD 21012 |

          /s/ Joshua D. Bradley
          Joshua D. Bradley

4822-8337-3618, v.  1